CITY OF WILMINGTON v. MRS. R. C. STOLTER et al.

(Decided April 26, 1898.)

*Action to Recover Delinquent Taxes—Delinquent Taxes —Interest—Repeal of Statute—Counsel.*

1. An action pending to recover arrearages of taxes brought under Chapter 182, Acts of 1895, authorizing the collection of unpaid taxes for past years, is not affected by the repeal of such statute. (Section 3764 of *The Code.*) FAIRCLOTH, C. J., and FURCHES, J., dissent.

2. Under Chapter 182, Acts of 1895, authorizing the collection of delinquent taxes, interest and penalties, no rate of interest being fixed therein, only six per cent. interest per annum can be recovered.

3. Section 2 of Chapter 182, Acts of 1895, authorizing the collection of delinquent taxes due to the City of Wilmington provides that the City Attorney, together with such associated counsel as he may select, shall bring the actions. *Held*, that it was proper, on the resignation of the City Attorney, for the associated counsel to continue as counsel for the city.

CIVIL ACTION brought under Chapter 182, Acts of 1895, to recover certain back taxes alleged to be due by the defendant R. C. Stolter on certain property in the City of Wilmington for the years 1891–'92–'93, and tried before *Allen*, *J.*, at September Term, 1897, of NEW HANOVER Superior Court, a jury trial being waived. The facts necessary to an understanding of the opinion appear therein. His Honor rendered judgment for the plaintiff and defendants appealed.

*Messrs. George Rountree* and *Ricaud & Bryan* for plaintiffs.

*Mr. J. D. Bellamy* for defendants (appellants).

CLARK, J.:   This action was brought under the Acts of 1885, Chapter 182, authorizing "the collection of arrears of taxes due the city of Wilmington" by the State, county and city, to recover arrearages of taxes due by the defendant for 1891, 1892 and 1893   The summons was issued on the 15th of December, 1896, but the trial was not had until after the repealing Act ratified on the 9th of March, 1897.   For the reasons given in *Wilmington* v. *Cronly*, at this term (in the opinion in the plaintiff's appeal), the plaintiff's right to collect arrearages of taxes accrued under the Act of 1895, and hence this "action brought before repeal" is not affected by the repealing Act.   *Code*, Section 3764.   His Honor, however, erred in allowing 8 per cent. interest, for the reasons given in Cronly's case, *supra*.   The judgment will be modified by reducing the interest on the recovery to 6 per cent.

Section 2, Chapter 182, of the Acts of 1895, provides that the City Attorney, together with such associate counsel as he may select, shall bring the actions authorized by said chapter for delinquent taxes.   This was done, and the associate counsel were recognized by the city authorities. Afterwards, the city attorney resigned. We cannot see upon what ground the defendants can object to the associate counsel continuing as counsel for the city.

Modified and affirmed.